McKiNney, J.,
delivered the opinion of the court.
The defendants, on the 30th of March, 1852, became bound, jointly, by a recognizance bond, in the penally of one thousand dollars, for the appearance of Samuel Taylor, before the judge of the circuit court of Franklin county, then in session, to answer the State on a charge of grand larceny.
*231 During said term (the defendant Taylor failing to appear) a forfeiture was taken against him, and the defendants as his bail. Scire facias was issued and served, to which the defendants demurred; and on argument, the demurrer was sustained. The attorney general, in behalf of the State, appealed in error to this court. The record contains a bill of exceptions tendered by the attorney general, setting forth the warrant upon which Taylor was apprehended and brought before the justice; the justice’s judgment, and the recognizance bond.
'The question presented by the demurrer, related to •the sufficiency of the recitals of the scire facias. And in considering this question, we are eonfined to the face of the writ, and can look to nothing extrinsic in aid of its omissions or defects. The matters set forth in the bill of exceptions cannot, therefore, be looked to: consequently we cannot consider the question as to the apj plication of the act of 1852, ch. 256, § 9, to the recognizance bond, as it is not set out either in the scire facias, or upon oyer.
The scire facias, we think, is essentially defective. It contains no recital of the issuance of the warrant; or of the arrest and commitment of the' accused; or of the return of the recognizance into the office of the circuit court of Franklin: and, therefore, fails to show such a state of facts as is required by law to authorize the taking of the recognizance.
It was argued by the counsel of the defendants, that the recognizance bond is invalid, because, no day certain is fixed for the appearance of Taylor before the circuit court.
The condition of the bond, as recited in the scire *232 facias, is for the defendant’s appearance before the judge of the circuit court, now i/n session, s&o.
This objection, we think, is not well founded, the condition of the bond is sufficiently certain, and bound the defendant to appear, instantly, before the circuit court to answer the charge exhibited against him.
The demurrer to the scire facias was well taken, and properly sustained; and thus far we affirm the judgment. But the ease will be remanded to the circuit court, with liberty to amend, by issuing a new writ of scire facias.